### SARGENT *v.* GORMAN, Sheriff.

*(Supreme Court, General Term, First Department.*  May 15, 1891.)

1. OFFICE AND OFFICER—ELIGIBILITY—HONORABLY DISCHARGED UNION SOLDIER.

Laws N. Y. 1887, c. 464, requiring that honorably discharged Union soldiers shall be preferred for appointment and employment in public departments, etc., and the provision of Laws 1890, c. 67, that the prohibition against removal of such a soldier from such position, except for cause, shall not apply to the position of private secretary or chief clerk, etc., or any other person holding a confidential relation to the appointing officer, are to be construed together, and the latter must control; and a chief clerk to the sheriff, who receives in the first instance most of the fees collected in the sheriff's office, may be dismissed by the sheriff at his volition.

2. SAME—APPOINTMENTS AND TENURE.

An appointment by a sheriff to a position in his office cannot extend beyond his own term; and the provision of Laws N. Y. 1890, c. 67, prohibiting the dismissal from an official position of an honorably discharged Union soldier except for cause shown, does not apply to such an appointment made before its enactment.  Per DANIELS, J.

Appeal from special term, New York county.

Application by Charles Sargent for a *mandamus* to compel John J. Gorman, sheriff of the city and county of New York, to reinstate or reappoint him to a position in the sheriff's office, from which he had been removed. He appeals from an order denying his application.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Abraham Gruber*, for appellant.  *William E. Stillings*, for respondent.

VAN BRUNT, P. J.  It is conceded that the appellant is an honorably discharged soldier, and it is claimed that under chapter 464 of the Laws of 1887 he is entitled to preferment for appointment and employment in the sheriff's office, to which he had been attached prior to the time of the entry of the respondent into the office.  This chapter provides that "in every public department and upon all public works of the state of New York, and of the cities, towns, and villages thereof, and also in non-competitive examinations under the civil service laws, rules, or regulations of the same, wherever they apply, honorably discharged Union soldiers and sailors shall be preferred for appointment and employment."  And all officials and other persons having power of appointment to or employment in the public service are by the terms of the act charged with the faithful compliance with its terms, both in letter and spirit, and failure therein is a misdemeanor.  By chapter 67 of the Laws of 1890 it is provided as follows: "No person holding a position by appointment in any city or county of this state, receiving a salary from such city or county, (unless he has been appointed for a definite term,) who is an honorably discharged soldier, * * * shall be removed from such position except for cause shown, after a hearing had; but this provision shall not be construed to apply to the position of private secretary or chief clerk or deputy of any official or department, or to any other person holding a confidential relation to the appointing officer."  It is claimed that the learned judge, in disposing of this application and denying the motion of the appellant, considered only chapter 67 of the Laws of 1890, and did not give due weight to chapter 464 of the Laws of 1887.  These two provisions of law must necessarily be construed together in determining the question as to whether the appellant is entitled to the appointment which he now seeks.  It is plain that under chapter 67 of the Laws of 1890, if the position which the appellant occupied would be that of private secretary or chief clerk or deputy of the sheriff, he would be removable at the pleasure of the sheriff.  If such is the fact, then the provisions of this chapter necessarily control the provisions of chapter 464 of the Laws of 1887, because the legislature could not have intended that a public official should be required to appoint a person to a position from which he would have the right immediately to remove him.  It appears

clearly from the papers submitted upon this application that the position which the relator seeks to occupy is that of chief clerk to the sheriff. It further appears that the relation which he would hold to the sheriff would be of a confidential character, because he receives, in the first instance, most of the fees which are collected in the sheriff's office. It is true that he hands over the same subsequently to the cashier of the sheriff; but he is the person who first receives the same, as already stated. It is true that the appellant denies the fact that he occupies any such confidential relation, or that his position is that of a chief clerk, but the evidence upon the part of the respondent is conclusive upon this point, and the duties which it is conceded the appellant has performed fairly come within the designation of those which would be performed by the chief clerk of the sheriff. Under these circumstances, we are of opinion that the sheriff had the power to discharge the relator if he was in office at his volition, under the provisions of section 67 of the Laws of 1890. The order should be affirmed, with $10 costs and disbursements.

DANIELS, J., (concurring.) The affirmance of the order from which this appeal has been taken seems to be unavoidable, even though the applicant was not chief clerk in the sheriff's office; for when he was appointed to his position by Sheriff Flack, the sheriff had no power to make the appointment more extensive than his own term of office. That was done prior to the enactment of chapter 67 of the Laws of 1890, and that act, therefore, could not apply to it; and there was no other law which entitled the sheriff to appoint a clerk whom his successor would be bound to keep in his office. As the appointment has been mentioned and described in the applicant's affidavit it was for no certain or designated time; but it could not by means or force of the appointment transcend the power the sheriff was authorized to exercise, and that was limited to his own term of office, and an appointment indefinitely made by him would as surely end with that event as it would if it had been expressly dependent upon it. When Sheriff Flack resigned, and Gen. Sickles was appointed to hold the office for the residue of the term, he made no new appointment of the applicant, but continued him along under the appointment he had previously received. This was done tacitly, and by mere acquiescence. He found the applicant in the office, and retained him without a word that would either add to or detract from the appointment he had received from Sheriff Flack, and when the term for which he had been elected came to an end that necessarily ended the term of the applicant. And within this act of 1890 he could be lawfully dismissed by the present sheriff, for that act does not apply to an employment where the appointee has been appointed for a definite term, as this appointee was, in the most favorable construction that can be given to the act of his appointment. That it was not to extend into the term of the present sheriff is also confirmed by section 2 of chapter 523 of the Laws of 1890, for that empowered the sheriff to designate the number of the clerks and employes of his office, subject only to the revision of the board of estimate and apportionment as to their number, classification, and compensation. It committed the designation to the newly-elected sheriff, which he would not have the unrestricted right to exercise if he should be bound to retain any of the clerks or employes of his predecessors, who received their appointments before the enactment of chapter 67 of the Laws of 1890, as the applicant most surely did. The same result also follows from the fact that when the applicant was appointed he was to be compensated for his services by the sheriff himself, and not by the city and county of New York; and the fact that the balance owing him at the close of Gen. Sickles' term was obtained from the city and county, under the authority of chapter 523 of the Laws of 1890, could not and did not have the effect of extending the appointment. It still remained as it was made by Sheriff Flack, when his compensation was not payable by the city and county, but by the sheriff per-

sonally. The term was then fixed, if, indeed, any term whatever was understood; and it could not go beyond the authority of the appointing power, which was restricted to his own term of office. If the applicant had applied for a further appointment from the present sheriff as an honorably discharged Union soldier, his application might then have been successful; for while the position was vacant he was entitled to a preference in the appointment to it. But that he did not do. He applied only for his reinstatement to an employment which he claimed had not then terminated, and the fact that it had terminated was a legal answer to the application. The laws relating to these employments have not been very carefully framed, and it is essential to the success of these applications that they shall be brought as clearly as practicable within the enactments made for the security and protection of honorably discharged Union sailors and soldiers. That was not done in this case, and the order from which the appeal has been taken should be affirmed.